City of Philadelphia, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Philadelphia Electric Company et al., Intervenors.

Argued February 3, 1983, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Kenneth L. Fox,* Assistant City Solicitor, with him *Herbert Smolen,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for petitioner.

*John J. Gallagher,* Assistant Counsel, with him *John B. Wilson,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

*Rudolph A. Chillemi,* Assistant General Counsel, with him *Eugene J. Bradley,* Associate General Counsel, and *Edward G. Bauer, Jr.,* Vice President and General Counsel, for intervenor, Philadelphia Electric Company.

*William M. Posner,* with him *Donald F. Clarke,* for intervenor, The Bell Telephone Company of Pennsylvania.

OPINION BY JUDGE ROGERS, April 7, 1983:

The City of Philadelphia has appealed those portions of an order of the Pennsylvania Public Utility Commission which direct the city to pay to intervenors, The Bell Telephone Company of Pennsylvania and Philadelphia Electric Company, sums equal to 100 per cent of the actual costs to them of relocating their

facilities from the area of the crossing, above grade, where 67th Street crosses over and above the tracks of the National Railroad Passenger Corporation (AMTRAK).

The intervenors' facilities were located in 67th Street (including at the crossing just mentioned) under permits granted by the city. A condition of the permits was that if any municipal work made it necessary to change the location of the intervenors' facilities, they would be relocated at the intervenors' expense. The intervenors agree that the condition requires them to bear the expense of relocating their facilities in the usual case; they contend, however, that the usual consequence of their agreement does not apply to the costs of the relocation of their facilities at a rail-highway crossing because the allocation of such costs is the exclusive province, in the first instance, of the P.U.C., pursuant to 66 Pa. C. S. §2704(a), reading:

> [The] cost of construction, relocation, alteration, protection, or abolition of such crossing, and of facilities at or adjacent to such crossing which are used in any kind of public utility service, shall be borne and paid, . . . by the public utilities or municipal corporations concerned, or by the Commonwealth in such proper proportions as the commission may after due notice and hearing, determine, unless such proportions are mutually agreed upon and paid by the interested parties.

The city contends that the case of *Philadelphia v. Pennsylvania Public Utility Commission*, 449 Pa. 402, 296 A.2d 804 (1972) is indistinguishable on the facts, directly on point on the law and therefore controlling. We agree and reverse the Commission's order insofar as it imposes any of the costs of relocating the intervenors' facilities upon the city. In the case just cited, the Supreme Court held that the Commission is un-

authorized to allocate utilities' costs of relocation in a crossing case in the presence of an agreement by the utilities to pay such costs, except where such action is compelled by public health, welfare or safety; that upholding the agreements made by the utilities when they placed their facilities in the public street to relocate them if necessary at their expense did not adversely affect health, welfare or safety; and that the utilities' agreement with the city to relocate the facilities when necessary satisfied the exception from the Commission's authority to allocate provided by the last phrase of 66 Pa. C. S. §2704 reading "unless such proportions are mutually agreed upon and paid by the interested parties."

The Commission apparently disagreeing with the court's holding in *City of Philadelphia v. Pennsylvania Public Utility Commission, supra,* and apparently favoring the view expressed in Justice POMEROY's dissenting opinion, allocated the utilities' costs to the city.[1] As an intermediate appellate court, not, as the Commission is, charged with responsibility of actually applying the rules of law, it could be that we consider ourselves under stronger constraint than the Commission to follow the holdings of the Supreme Court.

The Commission, however, sees distinction between the case at hand and *City of Philadelphia v. Pennsylvania Public Utility Commission, supra,* in two points, which we believe are ineffective. The suggestion that a difference between the city and the railroad over which owned the bridge somehow shows that the city and the utilities have not mutually agreed on who has the onus of the costs of removal is simply mistaken—there is no disagreement between the intervenors and the city that the former agreed with the latter to re-

---

[1] The Philadelphia Electric Company in fact incurred no costs. Bell Telephone's net costs, by reason of substantial federal funding, were about $10,000.

locate their facilities at the former's cost. The fact that the city agreed to pay the costs of relocating the facilities of the Philadelphia Gas Works and the Water Department, both wholly city operations, obviously provides no reason for making the city pay the costs of relocating the privately owned intervenors' facilities.

Paragraphs 20 and 21 of the order of the Commission entered November 20, 1981, are reversed insofar as they direct the City of Philadelphia to pay to The Bell Telephone Company and the Philadelphia Electric Company their costs of relocating their facilities.

### Order

And Now, this 7th day of April, 1983, paragraphs 20 and 21 of the order of the Commission entered November 20, 1981, are reversed insofar as they direct the City of Philadelphia to pay to The Bell Telephone Company and the Philadelphia Electric Company their costs of relocating their facilities.